1
2
3
4

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

6

7  FRED FELEKI MARTINEZ,                      Case No.  1:24-cv-958-BAM (PC)

8                          Plaintiff,         ORDER DIRECTING CLERK OF COURT TO
                                              RANDOMLY ASSIGN DISTRICT JUDGE TO
9            v.                               ACTION

10  COYLE,                                    FINDINGS AND RECOMMENDATION TO
                                              DISMISS ACTION FOR FAILURE TO
11                         Defendant.         STATE A CLAIM

12                                            (ECF No. 15.)

13                                            **FOURTEEN (14) DAY DEADLINE**

14
        Plaintiff Fred Feleki Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in*
15
*forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's
16
complaint and granted leave to amend.  Plaintiff's first amended complaint is currently before the
17
Court for screening.  (ECF No. 15.)
18
## I.      Screening Requirement and Standard
19
        The Court is required to screen complaints brought by prisoners seeking relief against a
20
governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.
21
§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
22
or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
23
relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).
24
        A complaint must contain "a short and plain statement of the claim showing that the
25
pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
26
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
27
conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
28

1

1 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

2 true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

3 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

4     To survive screening, Plaintiff's claims must be facially plausible, which requires

5 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

6 for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

7 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

8 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

9 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

10 **II.    Plaintiff's Allegations**

11     Plaintiff is currently housed in California State Prison in Sacramento, California.  Plaintiff

12 alleges the events in the complaint occurred while Plaintiff was housed at California State Prison

13 - Corcoran.  Plaintiff names Coyle, correctional officer/property officer of RHU, as the sole

14 defendant.

15     Plaintiff alleges a claim for property damage.  Plaintiff alleges in August 2023, Plaintiff

16 was sent to CSP-Corcoran from CMF Vacaville. Officer Coyle took Plaintiff to the yard for the

17 unit Plaintiff was housed in.  Plaintiff was put in the cage and allowed to go through his boxes

18 and retrieve allowable property.  The property he was okay to have was 1) all of his photos, 2) his

19 journal he has had since 2011-2012, 3) his composition book with poems, 4) his composition

20 book with lyrics and songs, 5) letters dating back to when Plaintiff was in the county jail and

21 other later letters from when Plaintiff arrived at CDCR around 2008-09 all the way at 2023.

22     In October, Plaintiff was told he would be forced to go to the mental health crisis bed or

23 Plaintiff could go willingly.

24     Plaintiff went willingly due to the agreement that officer Coyle would make sure

25 Plaintiff's property was immediately sent to Plaintiff at Plaintiff's new location.  In January 2024,

26 while at CHCF Stockton, Plaintiff had his primary Docter Ms. Angulo (clinician) email officer

27 Coyle to forward Plaintiff's property.  Officer Coyle responded saying he would send it to CHCF

28 Stockton.  Plaintiff had to again have Doctor Angulo email officer Coyle and he responded by

1    saying he did not get chance to forward the property due to too many intakes and arrivals he was

2    dealing with.

3        Plaintiff was eventually transferred from CHCF Stockton to CSP-SAC and was still trying

4    to locate Plaintiff's belongings.  In February 2024, Plaintiff once again was taken to CSP-SAC

5    mental health crisis bed and later was sent to CHCF Stockton for mental health treatment.

6        While being placed in the transportation van, Plaintiff was informed that seven boxes

7    from CSP-Corcoran had arrived and would be placed in the van transporting Plaintiff to CHCF

8    Stockton. After arriving at CHCF Stockton, Plaintiff waited a week or two to be cleared by

9    classification and was allowed most of his property. Plaintiff was informed that he had one box

10   left with items which Plaintiff could not have, but would receive upon his release to another unit.

11   Plaintiff references an inventory list "1083" dated May 2, 2024.

12       Plaintiffs photos included pictures of his relatives that had passed, photos of his children,

13   and letters and pictures of sentimental value. Plaintiff was planning on turning his Journal into a

14   documentary about his life and an autobiography. Plaintiff was going to use his poems and lyrics

15   to create songs and make an album or greeting cards.

16       Officer Coyle agreed to forward Plaintiff's property to him as he was the property officer

17   who last boxed his belongings. Seven boxes were shipped to CSP Corcoran and were not opened

18   until Plaintiff received it at CHCF Stockton. There were missing items which were not

19   documented as contraband or being withheld by CHCF Stockton, who gave Plaintiff seven boxes.

20   Officer Coyle and any other officer who boxed his property should be held liable for his loss.

21       As remedies, Plaintiff seeks accountability and proper procedures to ensure the safe

22   keeping of inmate property.  Plaintiff also seeks compensation for the loss of items of sentimental

23   value and their loss traumatizes Plaintiff emotionally. Plaintiff seeks compensatory damages.

24   Plaintiff seek more accountability and proper procedure for property.

25   **III.    Discussion**

26          **Fourteenth Amendment – Due Process**

27       Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d

28   728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under

1   the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v.*

2   *Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th

3   Cir. 1985).  However, "an unauthorized intentional deprivation of property by a state employee

4   does not constitute a violation of the procedural requirements of the Due Process Clause of the

5   Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."

6   *Hudson*, 468 U.S. at 533.

7       It is unclear what if anything Defendant Coyle did to violate Plaintiff's rights. If

8   Defendant Coyle's conduct was an unauthorized deprivation of property, due process is satisfied

9   if there is a meaningful post-deprivation remedy available to Plaintiff.  *Id.* Plaintiff has an

10  adequate post-deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d

11  813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to

12  allege a cognizable due process claim for the alleged deprivation of his property. Plaintiff has

13  been unable to cure this deficiency.

14      **Injunctive Relief**

15      Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

16  Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

17  narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

18  and is the least intrusive means necessary to correct the violation of the Federal right."  In cases

19  brought by prisoners involving conditions of confinement, any injunction "must be narrowly

20  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

21  relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

22  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond

23  maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

24  preliminary injunction and should not grant such relief unless the facts and law clearly favor the

25  plaintiff."  *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir.

26  1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

27      **No Recovery for Emotional Injury**

28      Plaintiff is informed that Plaintiff can recover no monetary damages for claims if he is

seeking relief for purely mental or emotional distress "without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2025**        ____/s/ *Barbara A. McAuliffe*____
                                        UNITED STATES MAGISTRATE JUDGE

5