# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>COYLE,<br><br>        Defendant. | No. 1:24-cv-00958-JLT-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS A MOTION FOR RECONSIDERATION<br>(Doc. 20)<br><br>DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 20) |

      Fred Feleki Martinez is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 19, 2025, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim for relief. (Doc. 17.) The Court served the findings and recommendations on Plaintiff and informed him that any objections were due within 14 days. (*Id.*) The Court further advised Plaintiff that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. (*Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)).) No objections were filed, and on December 15, 2025, the undersigned adopted the findings and recommendations in full and dismissed the case, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (Doc. 18.) The Court entered judgment the same day.

1

(Doc. 19.)

After the case was closed, the Court received Plaintiff's objections to the findings and recommendations. (Doc. 20.) Plaintiff states that he received the findings and recommendations on November 26, 2025 and attempted to immediately respond. However, he was delayed due to a mental health decompensation, two different suicide attempts, and the confiscation of his legal materials in retaliation for his filings. Plaintiff's legal materials were returned on December 8. Plaintiff requests that the Court accept the filing as his objections although he is past the 14-day deadline. Plaintiff cites to sections of his amended complaint and argues that he believes it is clearly implied that Defendant Coyle either misplaced, stole, destroyed, lost, and/or kept his personal property or he knows and/or is aware of who helped him with searching and packing Plaintiff's belongings into 7 boxes. Furthermore, after seeking relief through CDCR's 602 administrative process, his claim was denied as if he had no claim. Plaintiff prays that the Court reconsiders and does not dismiss his suit, that he may be compensated fairly for his loss. (*Id.*)

Upon review of the filing, the Court construes Plaintiff's objections as a motion for reconsideration. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion provides no basis for reconsideration of the Court's order adopting the findings and recommendations. Plaintiff provides no information that was not already included in the amended complaint and argues only that the allegations set forth clearly imply that he states a cognizable claim. Plaintiff has not presented any new or different facts, circumstances, or evidence related to this action that would support relief under Rule 60(b). Accordingly, the Court

**ORDERS**:

1. Plaintiff's objections to findings and recommendations, (Doc. 20), are **CONSTRUED** as a motion for reconsideration.
2. Plaintiff's motion for reconsideration, (Doc. 20), is **DENIED**.
3. This action remains closed.

IT IS SO ORDERED.

Dated:  **December 31, 2025**

UNITED STATES DISTRICT JUDGE