UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ, | No. 1:24-cv-00958 JLT BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL |
| v. | |
| COYLE, | (Doc. 22) |
| Defendant. | |

Fred Feleki Martinez is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 19, 2025, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim for relief. (Doc. 17.) The Court served the findings and recommendations on Plaintiff and informed him that any objections were due within 14 days. (*Id.*) The Court further advised Plaintiff that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. (*Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)).) No objections were filed, and on December 15, 2025, the undersigned adopted the findings and recommendations in full and dismissed the case, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (Doc. 18.) The Court entered judgment the same day. (Doc. 19.)

1

After the case was closed, the Court received Plaintiff's objections to the findings and recommendations. (Doc. 20.) The Court construed Plaintiff's objections as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) and denied the motion on December 31, 2025. (Doc. 21.) The Court concluded that Plaintiff's motion provided no basis for reconsideration of the Court's order adopting the findings and recommendations and that Plaintiff had not presented any new or different facts, circumstances, or evidence related to this action that would support relief under Rule 60(b). (*Id.*)

On January 5, 2026, Plaintiff filed a motion to alter or amend the closing of this action and to request the appointment of counsel. (Doc. 22.) Plaintiff states that the magistrate judge allowed him to amend his complaint and he did. On November 28, 2025, he received a letter that the magistrate judge recommended closing his suit as he did not articulate the exact specifics of his claim against Defendant Coyle regarding the loss, keeping, confiscation of his property. (*Id.* at 1.) At that time, Plaintiff was housed at CSP-SAC and an incident happened with staff. Plaintiff was moved to Ad-Seg. Then another unforeseeable incident occurred, Plaintiff's mental health decompensated in a suicide attempt, and he had to be sent to two different hospitals and then to RHU CSP-SAC A-2-115. Plaintiff believes that while he was in A-2-115, he responded to the magistrate judge's recommendation to close the case.

Plaintiff asserts that as of the instant filing he is in the San Quentin Mental Health Crisis Bed undergoing treatment and waiting for placement to Acute (PIP) Psychiatric Inpatient Program. Plaintiff notes that his property is not in his possession and he does not have his legal filings. On December 12, 2025, he received the order adopting the magistrate judge's findings and he can verify his written response to the magistrate judge's findings once he gets his property from CSP-SAC. In his last response, he stated or wrote that his amended complaint may not have been direct enough, but clearly his "complaint that officer Coyle and his liability re: [his] property was 'implied.'" (Doc. 22 at 2.) The Court has closed his suit with no mention of his last filing pointing to what the magistrate missed and/or failed to weigh.

Plaintiff now requests the Court alter or amend the closing of this suit and accept his grounds as to why Coyle should be held to answer. Plaintiff contends that he is not lawyer and

2

does not have any legal certifications. He is requesting that the Court take consideration of his mental health short coming, lack of high school diploma or G.E.D., no access to the law library or funds to appoint a lawyer. Plaintiff also requests the appointment of counsel in a limited capacity to assist with one last opportunity to amend his complaint and be more precise and articulate in stating his claims. The Court construes Plaintiff's motion as a motion for reconsideration and for appointment of counsel.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after judgment is entered. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion does not provide any basis for overturning the Court's judgment under Rule 59(e) or 60. Plaintiff has not identified clear error nor manifest injustice in the Court's final

order dismissing this action under Rule 59(e). Plaintiff has not presented any new or different facts, circumstances, or evidence related to this action that would support relief under Rule 60(b). Plaintiff argues only that the allegations set forth clearly imply that he states a claim regarding his property. As Plaintiff admits, he was offered an opportunity to amend his complaint to state a cognizable claim. However, he was unable to do so despite being provided with the relevant pleading and legal standards. There is no indication in his filings that he would be able to do so now.

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration and for appointment of counsel (Doc. 22), is **DENIED**.

2. This action remains closed.

IT IS SO ORDERED.

Dated:    **April 6, 2026**

UNITED STATES DISTRICT JUDGE